## Court of Appeals.

January, 1903.

## THE PEOPLE v. MAX LICHTMAN.

(173 N. Y.)

PENAL CODE, SEC. 389—USE OF CARBONIC ACID GAS IN MANUFACTURE OF
SODA WATER IN TENEMENT HOUSE NOT A MISDEMEANOR.

> The fact that one who manufactured soda water in the basement
> of a tenement house used carbonic acid gas in the process, and that
> such gas is a "compressed gas," will not support his conviction for a
> misdemeanor in violating section 389 of the Penal Code at it stood
> before the amendment of 1901, chapter 486, prohibiting, among other
> things, the manufacture of compressed gases or of any explosive
> articles or compounds, where there is no evidence that the carbonic
> acid gas used was manufactured on the premises and none to show
> that soda water is an explosive or its manufacture dangerous.
> People v. Lichtman, 65 App. Div. 76, reversed.

APPEAL from an order of the Appellate Division of the
Supreme Court in the First Judicial Department, entered Jan-
uary 2, 1902, which affirmed a judgment of the Court of
Special Sessions of the city of New York convicting the de-
fendant of a misdemeanor. The facts, so far as material, are
stated in the opinion.

David Steckler, for appellant.

William Travers Jerome, district attorney (Robert C. Tay-
lor, of counsel), for respondent.

HAIGHT, J.: The defendant was arrested, charged with the
offense of manufacturing soda water upon the premises known
as 61 Broome street, in the city of New York, which premises
were occupied by families for living purposes. The trial took
place in the Court of Special Sessions, and the only evidence

VOL. XVII—12

taken was that of the admission of the defendant, which is as follows:

" 1. That he occupies with his family rooms at No. 61 Broome street, in the city of New York;

" 2. That said house is a tenement house, in which several families live and have lived;

" 3. That in the basement of said house, while so occupied by families, he manufactured soda water on the 16th and 17th days of February, 1901;

"4. That said soda water was manufactured by him by introducing carbonic acid gas in a tank containing water at a pressure of from 175 to 200 pounds to the square inch, and agitated the water and carbonic gas in said tank while under said pressure for some ten or fifteen minutes.

" 5. That the said carbonic acid gas under said pressure is compressed gas.

"6. That in the presence of the complainants, Robert K. Power and Arthur A. Glaudel, he manufactured in said basement soda water in the manner above described on the 16th and 17th days of February, 1901.    Dated New York, June 27th, 1901."

This admission was signed by the defendant and by his attorney, and upon it the court found him guilty of the offense charged and imposed a fine of $25.   The provisions of section 389 of the Penal Code, under which the defendant was convicted, so far as material, provide as follows:

"A person who manufactures gunpowder, dynamite, nitroglycerine, liquid or compressed air or gases, except acetylene gas and other gases used for illuminating purposes, naphtha, gasoline, benzine or any explosive articles or compunds, or manufactures ammunition, fireworks or other articles of which such substances are component parts in a cellar, room or apartment of a tenement or dwelling house or any building occupied in whole or in part by persons or families for living purposes, is guilty of a misdemeanor."

It will be observed that the manufacture of soda water is not prohibited by any express provisions of the Code to which we have referred, but it is contended that, under the admission, the carbonic acid gas used was compressed gas, and that, therefore, the case was brought within the provisions of the Code. But it was not shown that the carbonic acid gas was manufactured upon the premises. It was only used by the defendant after it had been manufactured.  It is a matter of common knowledge that carbonic acid gas is manufactured and compressed into heavy metal tubes and is then sold as an article of merchandise; that as soon as the compressed gas escapes from the tube into the water it expands and permeates the water, thereby losing its character as compressed gas. Under the admission of the defendant it appears that he used this gas with which to charge a tank of water; that he allowed the compressed gas to escape from the tube into the water, agitating and permeating it, for a period of ten or fifteen minutes.   The provisions of the Code to which we have referred prohibit the manufacture of compressed gases, but they do not prohibit their use in the manufacture of other compounds or articles, unless they are explosives, and, therefore, dangerous.

In this case there has been no admission or evidence offered to show that soda water is an explosive, or that its manufacture is dangerous, and we think that the courts cannot take judicial notice that such is the case.   It is quite evident that the Legislature considered its manufacture to be harmless, for after the conviction of the defendant in this case it amended these provisions of the Code by specifically providing that " Nothing in this section contained shall be construed to prohibit or forbid the manufacture and sale of soda water, seltzer water, ginger ale, carbonic or mineral water, or the charging with liquid carbonic acid gas of such waters or ordinary waters, or of beer, wines, ales and other malt and vinous beverages in such cellar, room or apartment of a tenement or dwelling house, or any

building occupied in whole or in part by persons or families for living purposes." (Chapter 486 of the Laws of 1902.)

We think that the judgment of conviction should be reversed, and that the defendant should be discharged.

PARKER, Ch. J., GRAY, O'BRIEN, VANN and CULLEN, JJ., concur; BARTLETT, J., dissents.

Judgment of conviction reversed, etc.